IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

VICTOR LYONS                                                                    PETITIONER

VS.                             CASE NO. 5:09CV00316 SWW/HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction                                       RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Victor Lyons, an inmate in the custody of the Arkansas Department of Correction (ADC), seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. On May 15, 2007, after a jury trial in Saline County Circuit Court, Mr. Lyons was convicted and sentenced to 20 years in the ADC for first degree battery. The victim of the battery was the twenty-three month old daughter of his girlfriend. In his direct appeal, the petitioner alleged: (1) there was no substantial evidence to show that he caused the victim's injuries and therefore committed first-degree battery, and (2) the trial court erred in allowing the testimony of the victim's eight year old sister because she was not competent to testify. The direct appeal was unsuccessful. *Lyons v. State*, 2008 WL 2192140 (Ark. App. May 28, 2008) (unpublished). Mr. Lyons sought a rehearing with the Arkansas Court of Appeals, and this request was denied on July 23, 2008. In addition, a petition for review by the Supreme Court of Arkansas was denied on October 30, 2008.

In his habeas corpus petition, Mr. Lyons advances the following claims for relief:

1. The trial court erred in denying his motion for directed verdict because of insufficient evidence to show that he committed the crime of first-degree battery; and

2. The trial court erred in denying his motion to disqualify the minor witness Z.B.

The respondent contends that both grounds should be dismissed because they were raised in state court as issues of state law, not federal claims, and are now raised only as state law claims.

Therefore, the respondent urges the claims are not cognizable in this proceeding. While the Court acknowledges that a petitioner must challenge his conviction based upon a violation of "the Constitution or laws or treaties of the United States," we also note that a *pro se* litigant is entitled to a liberal construction of his pleadings. 28 U.S. C. § 2254(a); *Haines v. Kerner*, 404 U.S. 519 (1972). As a result, we liberally construe the claims as constitutional challenges to the conviction, and will address the merits of the claims.

Both of the grounds advanced by Mr. Lyons were advanced and considered on direct appeal by the Arkansas Court of Appeals:

> Appellant was found guilty by a jury of first-degree battery and sentenced to twenty years' imprisonment. On appeal, he argues that there is no substantial evidence to show that he caused the victim's injuries, and that the trial court erred in allowing testimony by the victim's eight-year-old sister because she was not competent to testify. We affirm.
>
> To determine sufficiency of the evidence to sustain a criminal conviction, we view the evidence in the light most favorable to the State, considering only the evidence that supports the verdict, and we must affirm if the verdict is supported by substantial evidence, *i.e.,* evidence of such force and character to compel a conclusion one way or the other with reasonable certainty. *Wells v. State,* 93 Ark.App. 106, 217 S.W.3d 145 (2005). Matters of weight and credibility are for the jury to resolve and are outside the scope of our review. *Stewart v. State,* 88 Ark.App. 110, 195 S.W.3d 385 (2004).
>
> Here, it is not contested that the twenty-three-month-old victim was severely injured. Appellant argues only that it was not proven by competent evidence that he intentionally caused those injuries. We disagree. There was evidence that the victim's mother left the children in appellant's custody when she was gone. During this time, the victim's sister observed appellant grab the infant victim and slam her forcefully against the wall in the hallway of the trailer in which they lived. The victim's sister was able to see this unobserved because she was watching through a slit in the doorway. A police officer who investigated testified that there were indentations in the hallway wall at about shoulder height and that the trailer was unusual in that there was a gap of approximately two inches between the floor and the bottom of the interior doors. A physician testified that the victim suffered massive internal injuries to the brain. She stated that such injuries could not be caused by falling out of a bunk-bed, as the mother claimed, and that a fall of two stories or more would be required to produce such injuries. Furthermore, the physician testified that a fall would not likely produce the victim's eye injuries, which are associated instead with shaken-baby syndrome. The physician testified that, in her opinion, the victim's injuries were produced by severe shaking. We hold that this is substantial evidence to support appellant's conviction for first-degree battery.
>
> Appellant next argues that the trial court erred in refusing to strike the

testimony of the victim's sister as untrustworthy and incompetent. The criteria for determining whether a witness is competent to testify are: (1) the ability to understand the obligation of an oath and to comprehend the obligation imposed by it; or (2) an understanding of the consequences of false swearing; or (3) the ability to receive accurate impressions and to retain them, to the extent that the capacity exists to transmit to the fact finder a reasonable statement of what was seen, felt, or heard. *Clem v. State,* 351 Ark. 112, 90 S.W.3d 428 (2002). The law applicable to appellate review of competency determinations was thoroughly discussed by the Arkansas Supreme Court in *Byndom v. State,* 344 Ark. 391, 399, 39 S.W.3d 781, 785 (2001):

> The question of the competency of a witness is a matter lying within the sound discretion of the trial court and in the absence of clear abuse, we will not reverse on appeal. *King v. State,* 317 Ark. 293, 877 S.W.2d 583 (1994); *Jackson v. State,* 290 Ark. 375, 720 S.W.2d 282 (1986). The trial court must begin with the presumption that every person is competent to be a witness. *Id.;* Ark. R. Evid. 601. The party alleging a witness is incompetent has the burden of persuasion. *Logan v. State,* 299 Ark. 266, 773 S.W.2d 413 (1989). The issue of competency of a witness is one in which the trial judge's evaluation is particularly important due to the opportunity he is afforded to observe the witness and the testimony. *Clifton v. State,* 289 Ark. 63, 709 S.W.2d 63 (1986). As long as the record is one upon which the trial judge could find a moral awareness of the obligation to tell the truth and an ability to observe, remember and relate facts, we will not hold there has been a manifest error or abuse of discretion in allowing the testimony. *Hoggard v. State,* 277 Ark. 117, 640 S.W .2d 102 (1982); *Chambers v. State,* 275 Ark. 177, 628 S.W.2d 306 (1982).
>
> Child witnesses are treated no differently than adults in determining competency. The age of a child is not determinative of competency, and we apply the same presumption and standards in deciding the capacity of a child witness to testify as are applied in determining the competency of any witness. *Modlin v. State,* 353 Ark. 94, 110 S.W.3d 727 (2003).
>
> Appellant argues that the witness's testimony was not completely consistent, but internal inconsistencies are common even in the testimony of adult witnesses, and are more relevant to the weight of the evidence than to the competency of the witness to testify. *See Duvall v. State,* 41 Ark.App. 148, 852 S.W.2d 144 (1993). Here, the inconsistencies were minor. Appellant also argues that appellant was not competent because she did not understand the consequences of false swearing. However, the witness testified that she understood the difference between the truth and a lie and that lies were wrong and were punished. On this record, we cannot say that the trial court manifestly abused its discretion in allowing the testimony. *See id.*

*Lyons v. State*, 2008 WL 2192140, 1 -2 (Ark.App.,2008).

When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
> . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

In reaching its conclusions, the Court has carefully reviewed the trial transcript, the decision of the Arkansas Court of Appeals, and the other documents of record. The petitioner does not cite a precedent which is "contrary to" the decision rendered in state court. The Court is aware of no such precedent. We find the state court decisions with regard to both grounds is not contrary to clearly established precedent.

It appears the petitioner's argument is that the state court correctly identified the governing legal rule but applied the rule unreasonably to the facts of his case. He reiterates the arguments made on direct appeal and emphasizes the testimony offered at trial.

With respect to ground one, we have reviewed the trial transcript and find the state court decision was not an unreasonable application of the law to the facts of this case. The evidence adduced against Mr. Lyons included the fact that he was overseeing the infant's care on July 7, 2005, when the child's mother was at work. The next morning the child was taken to the hospital with severe injuries, described at trial by Dr. Esquivel to include global ischemia, subdural hemorrhages, old and new abrasions, scratches, bruises, old scars, marks on her back

and sole of her foot, marks on her buttocks, multiple hemorrhages in the retinas, and elevated liver enzymes. (Tr. 159-186). These injuries, according to the doctor, were not consistent with the mother's story that the child fell from a bunk bed. Instead, the injuries could have been caused by an adult holding the infant and swinging her violently against a wall, striking her head, and shaking her. (Tr. 182-184). The infant's sister testified the petitioner had been "mean" to the infant in the past, shoving a fork down the child's throat, and that he shook her and hit her head against the wall. (Tr. 98-101). Given the ample evidence adduced at trial, we conclude the state court's decision regarding the sufficiency of the evidence was not unreasonable, and find no merit to ground one.

The second ground advanced by Mr. Lyons, that the trial court erred in denying his motion to disqualify witness Z.B. from testifying, was also addressed by the Arkansas Court of Appeals. We have carefully reviewed the transcript with regard to this witness, and find the state court ruling that she was competent are not an unreasonable application of the law to the facts of this case. To the contrary, the eight year old witness testified to an appreciation of the truth.

> Q:   . . . do you know what it means to tell the truth?
>
> A:   Yes.
>
> Q:   Could you tell me what it means?
>
> A:   Do not lie.
>
> Q:   Do not lie.
>
> A:   Tell all the things that happened.
>
> Q:   Tell the things that happened. [child's name], what happens is you tell a lie?
>
> A:   Bad things.
>
> Q:   Bad things? If you go to school and you tell a lie and the teacher finds out

>   about it, what's she going to do?
>
> A:   Take you to the principal.
>
> Q:   Take you to the principal. Is that good?
>
> A:   No.
>
> Q:   No. And if mama is at home and you tell a lie and she finds out about it, what happens?
>
> A:   You get in time out or something.
>
> Q:   You get a time out. Is that good or bad?
>
> A:   Bad.

(Tr. 93-94).

The state court did not unreasonably apply the relevant precedent to the facts of this case in considering the trial court's ruling that the witness was competent to testify. There is no merit to the petitioner's second claim for relief.

In summary, we find the claims are without merit. As a result, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

IT IS SO ORDERED this  5  day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE